## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>                    Petitioner,<br><br>    v.<br><br>JUDGE PETTY, et al.,<br><br>                    Respondents. | Case No. 1:24-cv-00586-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Bradley Wheeler, an inmate in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus challenging an unidentified state court conviction. Petitioner claims he has been incarcerated past his full-term release date. *See* Dkt. 1.

The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court concludes that Petitioner may not proceed on the Petition at this time, but he will be given an opportunity to file an amended petition.

Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-

INITIAL REVIEW ORDER - 1

court rule." This Court has adopted a local form for § 2254 petitioners. Petitioner must use this form if he files an amended petition.

Moreover, several of the claims in the Petition are not cognizable, meaning that they cannot be heard, in a federal habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Id*. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

In addition to claiming he has been held in custody past his full-term release date, Plaintiff also alleges that his cell is too cold, that the prison water is too cold, and that he is being tortured in an unspecified manner. *Pet*. at 4–6. The remedy for such violations would not be an immediate or speedier release from confinement,

INITIAL REVIEW ORDER - 2

*see Preiser*, 411 U.S. at 500, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities.

Because these claims "do[] not lie at the core of habeas corpus," they are not cognizable in federal habeas corpus. *Nettles*, 830 F.3d at 931. Thus, Petitioner should omit any such claims from his amended petition. If Petitioner intends to assert conditions-of-confinement claims that do not call into question the very fact or duration of Petitioner's confinement, he may file a separate civil rights lawsuit asserting those claims.

The Petition also names multiple improper respondents—most of whom are unidentified family members of federal, state, or local officials. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Any amended petition should name, as the only respondent, the warden of the prison in which Petitioner is confined.

Finally, Plaintiff states that he will be filing a habeas corpus action "every week until [his] release." *Pet*. at 6. Such a course of action is not advisable, as it may be deemed an abuse of process. Rather, if Petitioner has additional habeas claims that he has not included in the instant Petition, he should amend the Petition in this case to assert all of his habeas claims in a single action.

INITIAL REVIEW ORDER - 3

Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition complying with Rule 2(d) and naming only a single appropriate respondent.

## ORDER

**IT IS ORDERED:**

1.    Within 28 days after entry of this Order, Petitioner must file an amended petition as set forth above. The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition. All of Petitioner's claims for relief and all supporting facts must be included in the amended petition. If Petitioner does not file a timely amended petition, or if the amended petition does not remedy the deficiencies identified in this Order, this case may be dismissed without further notice.

2.    Also within 28 days, Petitioner must either pay the $5.00 filing fee for this action or apply for in forma pauperis status.



DATED: February 10, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 4