UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER, | Case No. 1:24-cv-00586-BLW |
| Petitioner, | **SUCCESSIVE REVIEW ORDER** |
| v. | |
| GOVERNOR BRAD LITTLE; WARDEN ROSS; IDAHO LEGISLATURE; IDAHO STATE SENATOR; IDAHO STATE TROOPERS; DEPARTMENT OF JUSTICE; and JUDGE PETTY, | |
| Respondents. | |

Petitioner Bradley Wheeler has filed an Amended Petition for Writ of Habeas Corpus challenging his state court conviction. *See Am. Pet.*, Dkt. 8. The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

**1.    Background**

In a jury trial in the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted of assault and battery on a correctional officer, along with a persistent violator sentencing enhancement. Petitioner unsuccessfully pursued a direct appeal as well as state post-conviction relief. *Am. Pet*. at 1–3.

In the instant Amended Petition for Writ of Habeas Corpus, Petitioner purportedly asserts four claims, but these claims allege essentially the same thing—that Petitioner has been "in prison longer than the law allows." *Id*. at 6. Petitioner argues in each of these claims that various individuals told Petitioner that he would be in prison only for a certain amount of time, but that Petitioner was not released when he should have been.

The Eighth Amendment protects against cruel and unusual punishment and prohibits incarceration beyond a prisoner's full-term release date. *Rodgers v. Valley*, No. 1:22-CV-00153-AKB, 2023 WL 8702786, at *2 (D. Idaho Dec. 15, 2023) (unpublished) ("A claim that a person is being held past their full-term release date is cognizable under the Eighth Amendment."). Accordingly, mindful of Petitioner's pro se status, the Court will construe the Amended Petition as asserting a single claim that Petitioner has been held past his full-term release date in violation of the Eighth Amendment.

**2.    Discussion**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent Warden Ross, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See Pet*. at 10. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 8), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus.

Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Application to Proceed in Forma Pauperis (Dkt. 9) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2.  Petitioner's request for appointment of counsel (contained in the Amended Petition) is DENIED without prejudice.

3.  The only appropriate respondent in this action is Warden Ross, the warden of the prison in which Petitioner is confined. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), *as amended* (May 8, 1996) ("[T]he rules governing relief under section 2254 require [the petitioner] to name the state officer having custody of him as the respondent. Typically, this person is "the warden of the facility in which the petitioner is incarcerated.") (internal quotation marks and citations omitted). Accordingly, Petitioner's claims against all other named respondents are DISMISSED for lack of personal jurisdiction. *See id*. ("Failure to name the correct respondent destroys personal

jurisdiction."). All respondents other than Warden Ross are
TERMINATED as parties to this action.

4.      The Clerk of Court will serve (via ECF) a copy of the Amended
Petition (Dkt. 8), along with any attachments, together with a copy of
this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr.
Anderson's registered ECF address.

5.      Within 120 days after service of the Amended Petition, Respondent
may file either of the following: (1) a motion for summary dismissal
or partial summary dismissal on procedural grounds (which may be
followed by an answer on the merits if the motion is unsuccessful); or
(2) an answer on the merits that also includes a brief summary
(between one paragraph and several pages) of any procedural defenses
for any claims (which may be argued in the alternative). The Court
may consider the merits of claims that may be subject to a procedural
bar if the merits analysis is more straightforward than a complicated
procedural analysis.

6.      Respondent must file with the responsive pleading or motion, or
within a reasonable time thereafter, a copy of all portions of the state
court record previously transcribed that are relevant to a determination
of the issues presented. Any presentence investigation reports or

evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

7.    If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8.    If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9.      In the response to the habeas petition, whether a pre-answer motion or

an answer and brief, Respondent must include citations to all portions

of the state court record that support Respondent's assertions.

Although Respondent may include citations to a state appellate court

decision that describes events that took place in a lower court,

Respondent must also include citations to the underlying lower court

record.

10.     If any of Petitioner's claims is currently under consideration in state

court proceedings, any party may file a motion to stay this case

pending the outcome of those proceedings. *See Rhines v. Weber*, 544

U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir.

2016).

11.     No party may file supplemental responses, replies, affidavits, or other

documents not expressly authorized by the Local Rules or by this

Order without first obtaining leave of Court.

12.     No discovery may be undertaken in this matter unless a party obtains

prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

13.     The parties may, but need not, file the following in this matter:

(1) notices of non-objections to motions to which they do not object;

(2) responses to motions for appointment of counsel; (3) responses to

motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

14.   Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

15.   All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to

SUCCESSIVE REVIEW ORDER - 9

Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2

and 7.1. The Court will not consider requests made in the form of

letters.

16.    Petitioner must at all times keep the Court and Respondent advised of

any change in address.

17.    If Petitioner's custodian changes at any point during this litigation,

Petitioner must file a Notice of Substitution of Respondent, within 28

days of such change, identifying the person who is substituted as

Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: April 30, 2025

_____

B. Lynn Winmill
U.S. District Court Judge