UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>          Petitioner,<br><br>v.<br><br>RUSSELL ROSS,<br><br>          Respondent. | Case No. 1:24-cv-00586-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho prisoner Bradley Wheeler ("Petitioner"). The Petition challenges Petitioner's current incarceration on a conviction for battery on a correctional officer. *See* Dkt. 8. Petitioner claims he has been incarcerated longer than permitted under his sentence. *See Am. Pet.* at 6 (alleging Petitioner has been "in prison longer than the law allows."). The Amended Petition is now fully briefed and ripe for adjudication.

Respondent argues that Petitioner's claim is untimely and unexhausted and that the claim fails on the merits. For the reasons explained below, the Court enters the following Order denying habeas corpus relief on the merits of Petitioner's claim.[1]

---

[1] Accordingly, the Court need not address Respondent's timeliness or exhaustion argument.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

In the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted of battery on a correctional officer. He was sentenced to a unified term of 15 years in prison with 5 years fixed. *State's Lodging B-4* at 1.

In the instant habeas Petition, Petitioner claims that he should have been released 18 months after he served the 5-year fixed portion of his sentence. According to Petitioner, several people—including Petitioner's government teacher, federal judges, and the judge in his criminal case—told Petitioner that he would spend only 18 months in prison on the persistent violator conviction. *Am. Pet*. at 6–9; *Reply in Supp. of Am. Pet.*, Dkt. 17, at 2 (stating that a "federal judge told me that I was to file Federal Writs of Habeas Corpus as soon as 1 day past 18 months into my persistent violator").

## HABEAS CORPUS STANDARDS OF LAW

A federal court may grant habeas corpus relief when it determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A writ of habeas corpus … is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

If the state court has adjudicated a claim on the merits, habeas relief is limited by § 2254(d). That statute does not permit habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an

MEMORANDUM DECISION AND ORDER - 2

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

Here, however, the Idaho state courts did not consider Petitioner's claim because he did not present it to them. Accordingly, the Court will review the claim de novo. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). When considering a habeas claim de novo, a district court may draw from both United States Supreme Court and circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989), *modified by Edwards v. Vannoy*, 141 S. Ct. 1547, 1560 (2021). Even under de novo review, however, the Court must presume the correctness of any factual findings of the state courts unless the petitioner rebuts those findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Kirkpatrick v. Chappell*, 950 F.3d 1118, 1131 (9th Cir. 2020) (stating that § 2254(e)(1) applies "to all factual determinations made by state courts").

## DISCUSSION

### 1.     Petitioner Is Not Entitled to Habeas Relief

#### A.     *Standards of Law*

A claim that an inmate has been incarcerated "beyond that authorized by a judgment and sentence" is cognizable under the Due Process Clause of the Fourteenth Amendment. *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). In addition, "a claim that a [prisoner] is being held past their full-term release date is cognizable under the Eighth Amendment." *Rodgers v. Valley*, No. 1:22-CV-00153-AKB, 2023 WL 8702786, at *2

MEMORANDUM DECISION AND ORDER - 3

(D. Idaho Dec. 15, 2023) (unpublished) (citing *James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002)).

It is well-established that there is "no right under the Federal Constitution to be … released before the expiration of a valid [state] sentence." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). State law determines when a sentence expires.

Sentencing in Idaho is governed by the state's Unified Sentencing Act. When sentencing a criminal defendant, an Idaho court must "specify a minimum period of confinement" but may also impose "a subsequent indeterminate period of custody." Idaho Code § 19-2513(1). The trial court followed this statute in Petitioner's case, imposing a 5-year fixed term of imprisonment, followed by an indeterminate 10-year term. *State's Lodging B-4* at 1.

Parole is not available until after a prisoner has fully served the fixed portion of his sentence. Once that fixed term is completed, then a prisoner who is serving the indetermination portion of his sentence *may* be considered for parole. Idaho Code § 19-2513(1). However, parole is not required under Idaho state law. A prisoner *must* be released from incarceration only after he has fully served his entire sentence—that is, the fixed term and any subsequent indeterminate term.

## 2. On De Novo Review, the Court Concludes that Petitioner's Habeas Claim Fails on the Merits

In this case, Plaintiff does not appear to argue he has been held past his *full-term* release date, as he has not yet served the entirety of the indeterminate portion of his sentence. Rather, Petitioner claims that he should have been released 18 months after he

MEMORANDUM DECISION AND ORDER - 4

served the fixed portion of his sentence. Petitioner's basis for this argument is that he was informed by several individuals that he would not have to serve more than 18 months of the indeterminate portion of his sentence.

Whether or not these individuals actually told Petitioner this is irrelevant. "[M]isinformation does not support a successful habeas corpus sentencing claim." *Rodgers*, 2023 WL 8702786, at *4. Petitioner does not allege that he relied on any of this misinformation in any way. *See id*. at * 5 ("Petitioner has not asserted that he relied upon the arraignment's incorrect sentence information to plead guilty or to reject a plea offer and proceed to trial, and that, but for the mistake, he would have chosen a different litigation path in his criminal case."). Instead, Petitioner merely contends he was told, after sentencing, that he should be released after five years and 18 months.

Petitioner's judgment of conviction plainly states that he was sentenced to a 5-year fixed term, to be followed by a 10-year indeterminate term, for a total of 15 years in prison. *State's Lodging A-1* at 232–33. This sentence is legal under Idaho law. The judgment does not require Petitioner's release at any time prior to the expiration of the entire 15-year sentence. Accordingly, Petitioner's claim that he has been held in prison longer than the law allows fails on the merits under de novo review.

## ORDER

**IT IS ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 8) is DENIED.

MEMORANDUM DECISION AND ORDER - 5

2.      The Court does not find its resolution of this habeas matter to be reasonably

debatable and, therefore, will not issue a certificate of appealability. *See* 28

U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

DATED: April 21, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6